# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Frank Seidel,** | Civil No. 06-2832 (JNE-JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Pengwyngroup, LLC,** | |
| Defendant. | |

This matter came before the undersigned on October 26, 2006 for resolution of dispositive motions (Doc. Nos. 2, 11, 16, 27). Plaintiff Frank Seidel appeared pro se. Defendant Pengwyngroup was represented by Ahna M. Thoreson, Esq. These motions are referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

**A.     Background**

Frank Seidel brings action against Pengwyngroup for breach of contract and intentional interference with prospective business relations. The litigation may be traced back to a contract between Pengwyngroup, then named e-Onehundredgroup, and LevelTree Consulting, a Minnesota corporation.

When the contract was executed on August 11, 2004, LevelTree was represented by Carren Seidel, the plaintiff's wife. According to Pengwyngroup, during the execution and performance of the contract, it dealt exclusively with Carren Seidel, and it had no reason to believe that Frank Seidel had any role in LevelTree.

While performing the contract, Carren Seidel raised some concerns about her compensation. By a settlement agreement executed on April 4, 2005, the parties agreed to terminate the August 11 contract.

The settlement agreement provided, in relevant part, that LevelTree would release its claims against Pengwyngroup for about $19,000. Carren Seidel signed the settlement agreement on behalf of LevelTree.

Frank Seidel sent a letter to Pengwyngroup on May 16, 2005. He identified himself as the Chief Operations Officer of LevelTree. Citing certain work it performed, Frank Seidel asserted that LevelTree had claims for breach of contract and tortious interference with business relations, and he demanded that Pengwyngroup pay approximately $400,000. The letter does not specifically refer to the August 11 contract, but instead references other accounts.

Pengwyngroup responded by a letter on May 18, 2005, which briefly stated that the parties' dispute was resolved through the April 4 settlement agreement. Frank Seidel either did not receive this letter or disregarded it. He sent another letter to Pengwyngroup on May 24, 2005, stating that it had not challenged the accounting in the May 16 letter and that it was therefore liable for the entire amount demanded.

Frank Seidel brought this action on July 6, 2006. Pengwyngroup moves to dismiss, or in the alternative, for summary judgment, and it separately moves for sanctions under Rule 11. Frank Seidel brings his own motion for summary judgment.

**B.      Motion for Summary Judgment**

Frank Seidel moves for summary judgment, and Pengwyngroup is moving to dismiss, or in the alternative, for summary judgment. Where a party moves to dismiss for failure to state a claim, and that party submits matters outside the pleadings, a court may convert the motion into one for summary judgment on notice to the parties. *Blair v. Willis*, 420 F.3d 823, 826-27 (8th Cir. 2005). The parties here brought opposing motions for summary judgment and submitted matters outside the pleadings. Because both

parties have acknowledged that this matter may be handled by summary judgment, this Court will treat the parties' dispositive motions accordingly.

To prevail on a motion for summary judgment, the moving party must demonstrate that there are no issues of material fact and that it is entitled to judgment as a matter of law. *Meterlogic, Inc. v. KLT, Inc.*, 368 F.3d 1017, 1018 (8th Cir. 2004). This standard is met where a reasonable juror, presented with the evidence in the record, could only return a verdict for the moving party. When considering this question, a court must take all reasonable inferences for the nonmoving party. *See Singletary v. Missouri Dep't of Corrections*, 423 F.3d 886, 790 (8th Cir. 2005).

The parties advance several arguments in support of their respective motions for summary judgment. One argument, advanced by Pengwyngroup, is that Frank Seidel lacks standing to proceed with this action. Because this issue goes to the constitutional limits on this Court's authority, it must be examined first.

Under Article III of the Constitution, federal courts may only hear cases or controversies. This limitation is recognized through the doctrine of standing, which requires a plaintiff to establish three elements. The first is injury-in-fact, meaning that the plaintiff suffered an injury. The second is causation, meaning that there is a causal connection between the injury and the conduct of the defendant. The last is redressability, meaning that if the plaintiff prevails, a court can grant some form of relief. *St. Paul Area Chamber of Comm.*, 439 F.3d 481, 484-85 (8th Cir. 2006); *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 798-99 (8th Cir. 2006).

A plaintiff cannot establish an injury-in-fact by showing that a third party suffered an injury. *South Dakota Farm Bureau, Inc. v. Hazeltine*, 340 F.3d 583, 591 (8th Cir. 2003). Assuming for the sake of

3

argument that the allegations by Frank Seidel are true, the record shows that Pengwyngroup owed LevelTree for unpaid work. But that injury was suffered by LevelTree, not by Frank Seidel. Because he has not suffered an injury-in-fact, Frank Seidel lacks standing to proceed with his claim.

Where a plaintiff lacks standing, a court has no constitutional authority to handle the dispute, which means that the court has no subject matter jurisdiction. If summary judgment is granted for lack of subject matter jurisdiction, then the action is dismissed without prejudice. *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 464-65 (8th Cir. 2004). As a result, this Court recommends that Frank Seidel's motion for summary judgment be denied; that Pengwyngroup's motion for summary judgment be granted; and that this matter be dismissed without prejudice.

**C.     Motion for Sanctions**

Asserting that Frank Seidel's action is frivolous, Pengwyngroup moves for sanctions under Rule 11. Where a court lacks subject matter jurisdiction over litigation, it may still impose sanctions under Rule 11, consistent with its power to sanction abuses of the judicial process. *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992).

Rule 11(b) states in relevant part when a person makes representations to a court, whether as an attorney for a party or when proceeding pro se, that person

> is certifying that to the best of the person's knowledge, formed after an inquiry reasonable under the circumstances,—
>
> (1)     it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2)     the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension,

> modification, or reversal of existing law[.]

Following a violation of this rule, an opposing party may move for sanctions under Rule 11(c). That rule provides that the moving party shall serve the motion to violator, and then wait twenty-one days, to allow the violator time to cure the violation or withdraw frivolous papers. If the violator does not do so during that "safe harbor" period, then the moving party may file its motion with the court and ask that sanctions be imposed. *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029-30 (8th Cir. 2003).

This litigation is the third action involving Frank Seidel and the dispute between LevelTree and Pengwyngroup. The preceding actions may be briefly summarized as follows.

The first action was commenced by LevelTree on July 6, 2005. Frank Seidel attempted to appear on behalf of LevelTree, in violation of the requirement that a corporate party be represented by counsel. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Judge Richard H. Kyle, by an order on July 27, 2005, required LevelTree to retain counsel or the case would be dismissed. No counsel was retained and the matter was dismissed without prejudice on August 12, 2005.

Frank Seidel brought a second action on August 23, 2005. This time Frank Seidel proceeded individually, without naming LevelTree as a party. Because of defects in service, Judge Ann D. Montgomery, by an order on September 26, 2005, required Frank Seidel to cure service. He did not do so and the matter was dismissed without prejudice on February 10, 2006.

In the current litigation, Frank Seidel has once again attempted to revive his claims against Pengwyngroup. But this matter arises out of a dispute between LevelTree and Pengwyngroup. And Frank Seidel had notice, from the July 27 order by Judge Kyle, that LevelTree must be represented by counsel

in order to pursue its claims. Yet he persists in pursuing litigation against Pengwyngroup, and these actions may be viewed as a pattern of harassment.

Pengwyngroup served Frank Seidel with its motion for sanctions and informed him that his action had several potential defects. In particular, it informed Frank Seidel that he lacked standing and could not pursue claims on behalf of LevelTree. This information was consistent with the July 27 order from Judge Kyle. Frank Seidel, however, did not undertake reasonable inquiry regarding the merits of Pengwyngroup's position. He pressed on with this litigation, and Pengwyngroup filed its motion for sanctions after the safe harbor period.

Based on these circumstances, it is appropriate that Pengwyngroup's motion for sanctions be granted. This Court further suggests that a monetary award, consisting of all or part of the costs and attorney fees incurred by Pengwyngroup in this action, will suffice to deter further violations.

**D. Recommendation**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Pengwyngroup's motion for summary judgment (Doc. No. 16) be **GRANTED.**

2. Frank Seidel's motion for summary judgment (Doc. No. 11) be **DENIED.**

3. Pengwyngroup's motion to dismiss (Doc. No. 2) be **DENIED AS MOOT.**

4. This matter be **DISMISSED WITHOUT PREJUDICE.**

5. Pengwyngroup's motion for sanctions (Doc. No. 27) be **GRANTED.**

6. No later than fourteen days after the order affirming this report and recommendation, Pengwyngroup shall submit an affidavit with an itemized accounting of reasonable costs and attorney fees incurred in this litigation.

7. Once this affidavit is filed, an appropriate monetary sanction shall be determined by the undersigned without further hearing.

Dated this 11th day of December, 2006.   s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by January 2, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required, under 28 U.S.C. § 636, to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.